UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Shaista Hassan,

    Plaintiff,

v.

The Cosmopolitan of Las Vegas,

    Defendant.

2:15-cv-00370-JAD-CWH

**Order Denying Motion to Dismiss**
[#5]

    Defendant Nevada Property 1, LLC (sued as The Cosmopolitan of Las Vegas) moves to dismiss this slip-and-fall case because the plaintiff, a California resident, failed to post the $500 cost bond that NRS 18.130 requires of out-of-state litigants. Doc. 5.

    NRS 18.130(1) states:

> When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, **by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint**. When so required, all proceedings in the action shall be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $500; or in lieu of such undertaking, the plaintiff may deposit $500, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking. The plaintiff, upon filing the undertaking or depositing the security, shall notify the defendant of such filing or deposit, and the defendant, after receipt of such notice, shall have 10 days or the period allowed under N.R.C.P. 12(a), whichever is longer, in which to answer or otherwise plead to the complaint.

Nev. Rev. Stat. § 18.130(1) (emphasis added). An out-of-state plaintiff who receives a timely written demand under this statute must post the bond. If the plaintiff fails to post the bond, "the court or judge may order the action to be dismissed." Nev. Rev. Stat. § 18.130(4); *see also Biscay v. MGM Resorts Int'l*, 131 Nev. Adv. Op. 46, 2015 WL 4041847, *2 (July 2, 2015) (explaining, "once 30 days has passed, the defendant has the right to ask the district court to dismiss the case, or the

district court has the authority to dismiss the case on its own."). As the Ninth Circuit expressed in *Simulnet East Associates v. Ramada Hotel Operating Co.*, it has long been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions when the demand is "made within the time limit for answering the complaint." 37 F.3d 573, 574 (9th Cir. 1994). Timeliness of the demand is key. *Id.*

Defendant has not demonstrated that its demand was timely. The complaint was filed and the summons was issued on March 2, 2015. Docs. 1, 2. No proof of service has been filed, however, so it is impossible to tell from the docket when the defendant was served. The cost-bond demand was filed on April 29, 2015, but—like the motion to dismiss—it says nothing of the timeliness of the demand. Thus, the court cannot determine whether defendant's demand was made within the time limit for answering the complaint, rendering it worthy of the benefits of the statute.

Because the defendant has not demonstrated that its demand for costs was served "within the time limited for answering the complaint," as required to trigger the benefits of NRS 18.130, the court finds that the defendant has not carried its burden. Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss for failure to post a cost bond pursuant to NRS 18.130 **[Doc. 5] is denied without prejudice** to the refiling of this motion with a proper showing.

Dated this 21st day of July, 2015.

_____
Jennifer A. Dorsey
United States District Judge