UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Shaista Hassan,

    Plaintiff,

v.

The Cosmopolitan of Las Vegas,

    Defendant.

Case No.: 2:15-cv-00370-JAD-CWH

**Order Granting Motion to Dismiss Under FRCP 12(b)(1) for Lack of Jurisdiction [#8]**

    Defendant Nevada Property 1, LLC (sued as The Cosmopolitan of Las Vegas) moves to dismiss this slip-and-fall case on the grounds that pro se plaintiff Shaista Hassan has failed to allege facts to establish diversity jurisdiction. In her complaint, Hassan claims the amount in controversy is $395,000. But she does not include any facts about the citizenship of either herself or Nevada Property. I therefore grant defendant's motion to dismiss without prejudice and give Hassan until September 14, 2015, to file an amended complaint that properly alleges diverse parties.

### Background

    Hassan filed this slip-and-fall case in federal court for the injuries she claims she sustained at The Cosmopolitan of Las Vegas in 2014. Hassan's statement regarding jurisdiction is at issue here. The complaint reads, "The Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in contravery [sic.]. The amount in contraversy [sic.] is $395,000."[1] Nevada Property moves to dismiss because Hassan's complaint lacks facts that show the parties are diverse.

### Discussion

    Hassan contends that jurisdiction in this case is based on the diversity of the citizenship of herself and Nevada Property. Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds

---

[1] ECF 1 at 1.

$75,000.[2] Hassan, as the party invoking the power of a federal court, "bears the burden of establishing the court's subject matter jurisdiction."[3] Hassan has not met her burden and Nevada Property moves to dismiss this case under the Federal Rules of Civil Procedure 12(b)(1)[4] for lack of subject-matter jurisdiction.

To properly invoke a federal court's subject-matter jurisdiction, the plaintiff must allege in the pleadings "[t]he essential elements of diversity jurisdiction, including the diverse residence of **all parties**. . . ."[5] Specific facts showing the citizenship of each party must be expressly alleged in the complaint or the federal court's jurisdiction is not triggered. Thus, in *Bautista v. Pan Am. World Airlines*, plaintiff brought a state-law tort claim against Marriott.[6] In the complaint, plaintiffs alleged that Marriott's corporate citizenship is "a State other than California," but they did not allege that all of the plaintiffs were citizens of California.[7] The appellate court remanded the case back to the district court to determine if it had jurisdiction over the case.[8]

Like the plaintiffs in *Bautisa* who alleged only some of the elements of diversity jurisdiction in the complaint, Hassan only alleged facts related to the amount-in-controversy element of diversity jurisdiction. Hassan has not alleged either her citizenship or Nevada Property's. Therefore, Hassan has not met her burden of alleging "[t]he essential elements of diversity jurisdiction, including the

---

[2] *See* 28 U.S.C. § 1332(a)(1).

[3] *Amerault v. Intelecom Support Servs.*, 16 Fed. Appx. 724, 725 (9th Cir. 2001) (citing *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996)).

[4] The controlling rule—FRCP 12(b)(1)—reads:
(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
    (1) lack of subject-matter jurisdiction.

[5] *Bautista v. Pan Am. World Airlines*, 828 F.2d 546, 552 (9th Cir. 1987) (emphasis added).

[6] *Id.*

[7] *Id.*

[8] *Id.*

diverse residence of all parties. . . ."[9]

A federal district court should not dismiss a pro se litigant's complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."[10]  "[B]efore dismissing a pro se complaint, the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."[11]

It is not "absolutely clear" that Hassan cannot state facts alleging the citizenship of both herself and Nevada Property, and potentially establish this court's diversity jurisdiction.  This order serves as notice of this deficiency in the complaint, and Hassan will be afforded an opportunity to amend her complaint to allege true facts to establish the diversity of the parties.

## Conclusion

Because Hassan has not alleged facts sufficient to establish the parties' diversity she has not carried out her burden to establish this court's jurisdiction. Accordingly, it is **HEREBY ORDERED** that defendant's motion to dismiss **[Doc. 8] is GRANTED** without prejudice and with leave to amend.  Hassan has until September 14, 2015, to file an amended complaint that contains true facts stating the citizenship of herself and Nevada Property.  If she fails to timely file a proper amended complaint, or if her amended complaint does not state facts to show the complete diversity of the parties, her case may be dismissed with prejudice.

DATED this 1st day of September, 2015

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[9] *Id.*

[10] *Schucker v. Rockwood*, 846 F.2d 1201, 1203 – 04 (9th Cir. 1988).

[11] *Akhtar v. Mesa*, 698 F.3d 1202, 1202 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1985)).