UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shaista Hassan,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>The Cosmopolitan of Las Vegas,<br><br>　　　　Defendant | Case No.: 2:15-cv-00370-JAD-CWH<br><br>**Order Denying Motion for Reconsideration**<br><br>**[ECF No. 13]** |

　　Ten months ago, I dismissed this slip-and-fall case on the unopposed motion of defendant Nevada Property 1, LLC (sued as The Cosmopolitan of Las Vegas) because pro se plaintiff Shaista Hassan failed to allege facts to establish diversity jurisdiction.  In her complaint, Hassan claimed the amount in controversy is $395,000, but she did not include any facts about the citizenship of either herself or Nevada Property.  I gave Hassan until September 14, 2015, to file an amended complaint that properly alleged diverse parties, and I warned her that I would dismiss her case with prejudice if she failed to do so.[1]  Hassan filed nothing,[2] and on October 21, 2015, I dismissed her case with prejudice and entered judgment against Hassan.[3]

　　Having offered no response to the original motion to dismiss and no amended complaint, Hassan now asks the court to let her prosecute this case.[4]  She cites no authority for her request for relief (styled as a "Motion for Withdrawl [sic] of Motion to Dismiss") and offers only this argument:

　　　　I . . . was not properly informed by the lawyer of Cosmopolitan of Las

---

[1] ECF No. 9.

[2] Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  ECF No. 6.

[3] ECF Nos. 11, 12.

[4] I find this motion suitable for resolution without oral argument.  L.R. 78-1.

> Vegas what it was she needed from me to proceed. At the time I understood the [sic] she was requesting a $500 bond, she had already filed a motion to dismiss. Financial Hardship has caused me to delay this current action but I am now ready to finally represent myself in this claim.[5]

Rule 60(b) of the Federal Rules of Civil Procedure explains the process and standard for obtaining relief from a case-ending order like my October 21, 2015, order dismissing this case with prejudice. That rule explains that:

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or apply it prospectively is no longer equitable; or (6) any other reason that justifies relief.[6]

Motions for relief under Rule 60 "must be made within a reasonable time."[7]

Even if I were to accept that an eight-month delay in bringing this motion is reasonable, Hassan has not shown that relief is available under any basis stated in the rule. The fact that she was unaware of what she needed to proceed with the lawsuit that she originally filed in this court is no excuse for her failure to take any action,[8] and it was not opposing counsel's job to inform Hassan of what she needed to do to move this case forward. It is also no excuse that Hassan was not financially prepared to prosecute this case until now. Deadlines passed, a meritorious motion was granted, and

---

[5] ECF No. 13.

[6] Fed. R. Civ. P. 60(b).

[7] Fed. R. Civ. P. 60(c)(1).

[8] A plaintiff is not relieved of her obligation to comply with the rules and procedures of this court simply because she has not retained, or cannot afford to retain, an attorney to represent her. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Hassan failed to take any action to prevent the loss of her rights. She has not demonstrated that her total neglect of this case was excusable. And she has offered nothing to show she can cure the defect that led to the dismissal of her case in the first place: the lack of factual allegations in her complaint to show that the parties are citizens of different states such that this court of limited jurisdiction has the power to hear this case.

## Conclusion

Hassan has not demonstrated any basis for this court to grant relief from the order dismissing this case with prejudice. Accordingly, IT IS HEREBY ORDERED that Hassan's Motion for Withdrawl [sic] of Motion to Dismiss **[ECF No. 13] is DENIED**.

DATED this 8th day of July, 2016

_____
Jennifer A. Dorsey
United States District Judge